UNITED STATES of America, Plaintiff,

v.

Fred A. MOORE, Defendant.

No. 77–1029.

United States Court of Appeals,
Eighth Circuit.

Submitted May 19, 1977.

Decided May 24, 1977.

Samuel Raban, St. Louis, Mo., filed brief for defendant.

Barry A. Short, U. S. Atty., and Stephen B. Higgins, Asst. U. S. Atty., St. Louis, Mo., filed brief for plaintiff.

Before LAY, BRIGHT and STEPHEN-SON, Circuit Judges.

PER CURIAM.

Fred A. Moore, a postal service employee, appeals his conviction by a jury on eight

separate counts of having unlawfully detained and delayed mail which had come into his possession and which was intended to be conveyed by mail, all in violation of 18 U.S.C. § 1703(a). The trial court sentenced Moore to eighteen months' confinement on each count, to be served concurrently. Appellant makes the following contentions:

1) The prosecution did not present sufficient evidence to sustain the convictions;

2) A Government exhibit (No. 13) lacked foundation and should not have been admitted into evidence;

3) The trial court should not have admitted into evidence certain altered documents;

4) The conduct of the trial judge deprived appellant of a fair trial.

We reject these contentions and affirm.

**I.**

Counts I and II alleged that Moore delayed or detained two pieces of mail—exhibit 1A on or about August 11, 1976 (count I), and exhibit 3A on or about August 12, 1976 (count II). We examine these counts in detail. During August of 1976, the Normandy School District mailed a newsletter, entitled "A Message From the Superintendent", to residents of St. Louis, Missouri. The school's communications coordinator, Susan Veidt, testified that exhibits 1A and 3A (newsletters) were among the approximately 17,000 copies of the newsletter routinely mailed in bulk that month, and that the address on each exhibit was within the Normandy School District. Additionally, this witness testified that the labels on these exhibits indicated the newsletters had been processed for mailing, and that all processed newsletters had been mailed. A post office document signed by Ms. Veidt, recording that 17,725 pieces of mail identified as "newsletter" were submitted to the postal service for third class mail, was admitted into evidence.

Each exhibit, 1A and 3A, contained the legend "Resident" and a St. Louis street address. The prosecution established that the addresses on exhibits 1A and 3A were on the mail route served by appellant Moore as a mail carrier on August 11, and that the residents at those addresses had not received the newsletters. A postal inspector testified that on August 11, 1976, he personally witnessed appellant Fred Moore throw a white object (about 4 × 6 inches) into a trash container (south dumpster) adjacent to the apartment building in which Moore lived. Later that day the postal inspector retrieved a bundle of Normandy School newsletters from that trash container, including exhibit 1A. Exhibit 3A was retrieved from another trash container (north dumpster) adjacent to Fred Moore's residence on the next day, August 12, by the same postal inspector. The postal inspector, for purposes of exhibit identification, wrote in pen on each exhibit the date the exhibit was taken from the trash container, the initials of the postal inspector, and the name of the resident at the address listed on each of the exhibits.

■ Moore's contention that the Government did not sufficiently prove mailing borders on the frivolous. While it is true that no witness could precisely testify to placing exhibits 1A and 3A into the mail, the fact of mailing may be established circumstantially. *United States v. Bloom*, 482 F.2d 1162 (8th Cir. 1973); *United States v. Matzker*, 473 F.2d 408 (8th Cir. 1973). Here, the exhibits were prepared for mailing with the use of an addressograph as a near-final step in assembly line processing for bulk mailing. The post office records acknowledge receipt of the bulk mail from the sender. Moore served as a mail carrier on the mail route which included the addresses on the newsletters in exhibits 1A and 3A. A witness saw Moore throw a white object of the same size as the newsletters in question into a trash receptacle, and recovered exhibits 1A and 3A from that trash receptacle and a second trash receptacle, both adjacent to the appellant's apartment. The evidence, in our view, establishes an almost airtight case of mailing as well as all the other elements of a § 1703(a) violation by appellant.

■ Our review of the record on a tentative basis shows evidentiary support for other counts, but we do not discuss those counts. Rather, we apply the concurrent sentence doctrine to affirm on the sufficiency of evidence issue. That doctrine permits a reviewing court to pass upon the validity of less than all counts upon review of convictions on plural counts of an indictment, if a ruling in appellant's favor would not reduce the penalty imposed with respect to the valid conviction. *United States v. Darnell,* 545 F.2d 595 (8th Cir. 1976). Here, the sentencing court imposed concurrent sentences of eighteen months' imprisonment on each of several alleged similar violations which took place during one month of 1976. The prison sentence must stand whether the conviction be on only two or all eight counts. Moreover, we think it unlikely, given the unusual nature of these criminal acts, that appellant will be harmed in any collateral way if one or more of the counts are not set aside. Finally, the evidence on the unreviewed counts undoubtedly did not influence the guilty verdict upon the first two counts, because, as already noted, overwhelming evidence of guilt existed. We thus deem this case an appropriate one for invocation of the concurrent sentence doctrine. *See United States v. Darnell,* 545 F.2d 595 (8th Cir. 1976); *Sanders v. United States,* 541 F.2d 190 (8th Cir. 1976).

II.

We find little merit in the claims of error relating to the admissibility of exhibits. Count VII charged the appellant with detaining and delaying one piece of first class mail, a magazine entitled "Postal Life", sent by the United States Postal Service in Washington, D.C., to an addressee in St. Louis, Missouri. In support of this charge, the trial court admitted exhibit No. 13, a certification of mailing by the postal service of over 60,000 such pieces of mail from Washington under a "postage and fees paid" label. The appellant disputes the admissibility of this document on grounds of inadequate foundation because no witness identified the exhibit.

■ The questioned exhibit bears a certification under formal seal of the United States Postal Service that said document constituted a true copy of the record retained in the official custody of the United States Postal Service. The Federal Rules of Evidence provide that extrinsic evidence of authenticity is not required for the admission of public documents under seal. Fed.R.Evid. 902(1). For purposes of Fed.R. Evid. 902(1), the postal service is an agency of the United States. *See* 39 U.S.C. §§ 101(a), 201, and 403. Therefore, the certificate of the United States Postal Service, under seal and with a signature purporting to be an execution, constitutes a self-authenticated document needing no extrinsic evidence to sustain admissibility. The appellant's objection to the foundation of the exhibit lacks substantial merit.

■ We note, too, that appellant complains that the postal inspector had written his initials and the date of discovery on some exhibits to facilitate identification. These changes in the exhibits did not affect the integrity of the exhibits in any way. We, therefore, find no merit in the appellant's objection to admission on grounds that the exhibits were not in the same condition at trial as they were when the crime was committed. *See United States v. Roberts,* 503 F.2d 453, 456 (8th Cir. 1974); *United States v. Brown,* 482 F.2d 1226, 1228 (8th Cir. 1973).

Other challenges to the admission of evidence have been considered by us, and we find them to be without merit.

III.

■ Appellant challenges the fairness of the trial on a number of grounds. We have reviewed the transcript and find no substantial ground to support these contentions. The trial court did not interfere in any unfair way with examination of witnesses by counsel for either party.

We conclude from the record as a whole that appellant received a fair trial. Accordingly, we affirm the conviction.