**UNITED STATES of America, Appellee,**

v.

**Lorin Hugh SMITH, Appellant.**

**No. 79–1056.**

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1979.
Decided July 27, 1979.

---

Mark W. Peterson, Minneapolis, Minn., argued and on brief, for appellant.

Richard E. Vosepka, Asst. U. S. Atty., Minneapolis, Minn. (argued), Andrew W. Danielson, U. S. Atty. and Paul C. Engh, Legal Intern, Minneapolis, Minn., on brief, for appellee.

Before LAY, BRIGHT and HENLEY, Circuit Judges.

BRIGHT, Circuit Judge.

Lorin Hugh Smith appeals from one of his three convictions for knowingly and intentionally possessing or distributing heroin, in violation of 21 U.S.C. § 841(a)(1) (1976). Smith was tried upon a three-count indictment charging him with distribution of approximately two and one-half grams of heroin on October 31, 1977 (count I), distribution of approximately six grams of heroin on November 3, 1977 (count II), and possession with intent to distribute of approximately six grams of heroin, also on November 3, 1977 (count III). A jury found Smith guilty on all counts. The district court sentenced Smith to fifteen years' imprisonment on each count to be followed on each count by a three-year special parole term, all of the sentences to run concurrently.

Smith appeals only the conviction on count III, which he alleges rests upon insufficient evidence. The Government contends that it presented ample evidence to sustain that conviction but also suggests that this court need not hear the merits of the appeal, because the count III sentence runs concurrently with the sentences on the unchallenged convictions and reversal of the count III conviction will not affect the terms or conditions of Smith's punishment. We apply the concurrent sentence doctrine and decline to hear the merits of the appeal.

Under concurrent sentence doctrine, an appellate court may, in its discretion, decline to review the validity of a defendant's conviction where (a) the defendant has received concurrent sentences on plural counts of an indictment, (b) a conviction on one or more of those counts is unchallenged or found to be valid, and (c) a ruling in the defendant's favor on the conviction at issue would not reduce the time he or she is required to serve under the sentence for the valid conviction(s). *United States v. Moore,* 555 F.2d 658, 661 (8th Cir. 1977); *United States v. Williams,* 548 F.2d 228, 233 n. 16 (8th Cir. 1977); *Sanders v. United States,* 541 F.2d 190, 193 (8th Cir. 1976). A reviewing court will not, however, apply the concurrent sentence rule "in cases

where its application would be substantially prejudicial to a defendant or expose him to a substantial risk of adverse collateral consequences that might flow from an invalid but unreversed conviction." *Sanders v. United States, supra,* 541 F.2d at 193.[1]

Here Smith asserts that application of the concurrent sentence rule would be inappropriate because, under the regulations governing parole release decisions, he faces more lengthy incarceration if the count III conviction is allowed to stand than if it were overturned. Upon a careful examination of the record and of the applicable Parole Commission regulations, we conclude that the conviction and sentence on count III in fact impose no additional penalty upon Smith.

Smith faces concurrent sentences to definite fifteen-year prison terms for his convictions on counts I and II, which he does not challenge on this appeal, with additional special parole terms not material here. Under 18 U.S.C. § 4205(a) (1976), Smith must serve at least five years, one-third of those concurrent prison terms, before becoming eligible for parole.[2] Smith's additional conviction and concurrent fifteen-year sentence on count III will not affect his parole eligibility under the statute.

In addition to the above statutory rule bearing on the length of Smith's incarceration, the United States Parole Commission has promulgated guidelines purporting to establish an objective system for determining the release date of a given federal prisoner. *See* 44 Fed.Reg. 26542 *et seq.* (1979), to be codified in 28 C.F.R. § 2.20 (Parole Commission Final Rules). The Parole Com-

mission's use of these guidelines, in effect, amounts to a deferred sentencing decision in which the "normal" range of time an offender should actually serve before release on parole is numerically determined by reference to the guidelines table. The coordinates of this table consist of the characteristics of the offense, or "offense severity," and the offender's "salient factor score," a point system measure of the offender's rehabilitative potential. The offense severity rating establishes a minimum period of imprisonment which may be increased by the salient factor score. *See* Parole Commission Final Rules, *supra,* 44 Fed.Reg. at 26543; *Edwards v. United States,* 574 F.2d 937, 942 (8th Cir.), *cert. dismissed,* 439 U.S. 1040, 99 S.Ct. 643, 58 L.Ed.2d 700 (1978).

Under the current guidelines, the offense severity rating applicable to Smith's convictions depends upon the quantity of opiates (here, heroin) he possessed or sold. Thus, possession or sale of less than 1.0 grams of 100 percent pure heroin indicates "moderate" severity; less than five grams of pure heroin rates as "high" severity; between five and fifty grams of pure heroin equals "very high" severity; and more than fifty grams of pure heroin calls for the "greatest" severity rating. *See* Parole Commission Final Rules, *supra.*

A laboratory analysis determined that the approximately two and one-half grams of "cut" heroin at issue in count I contained approximately 2.7 percent pure heroin, while the six grams at issue in count II consisted of approximately 8.5 percent pure

---

1. The *Sanders* court further explained:

   In determining whether to apply the rule in a given case, the court should consider whether it was likely that evidence relevant to counts on which the defendant was improperly convicted affected the finding of guilt on another count or on other counts, and whether the fact that the defendant was convicted on plural counts affected the length of his sentence or the thinking of the sentencing judge on the question of whether or not the defendant should be placed on probation. The court should also consider whether an unreversed invalid conviction

might be used as a "prior conviction" should the defendant be charged later under a recidivist criminal statute, and whether the plural but concurrent sentences are adversely affecting or are likely to affect adversely such things as the place or conditions of the defendant's confinement. [541 F.2d at 194.]

2. 18 U.S.C. § 4205(a) provides in pertinent part:

   (a) Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such *term or terms* * * *. [Emphasis added.]

heroin.[3] Smith does not appeal from his convictions on these counts charging him with sale of a total of approximately 0.58 grams of pure heroin, placing him in the "moderate" offense severity category.

The Government failed to obtain possession of the six grams of presumably "cut" heroin at issue in count III, and no chemical analysis of that substance was performed. The record furnishes no reasonable means of estimating or inferring the amount of pure heroin in the count III substance.[4] Therefore, the Parole Commission in determining offense severity cannot increase the total amount of heroin already established for counts I and II by any quantity of heroin from count III.

■ Finally, the Parole Commission's rules treat multiple offenses occurring within the brief span of days pertinent here as a single offense behavior for purposes of calculating an offender's salient factor score. See United States v. Holder, 560 F.2d 953, 956 (8th Cir. 1977).[5] Thus, Smith's conviction on count III does not result in any increase in his salient factor score beyond the score based on counts I and II alone.

■ We conclude that allowing Smith's conviction on count III to stand will neither increase the amount of time he must serve under his sentences for the count I and II convictions nor cause him any adverse collateral consequences. Accordingly, we apply the concurrent sentence doctrine and decline to review the merits of Smith's conviction on count III.

HENLEY, Circuit Judge, concurring.

I agree that Smith's conviction on count III should stand, but I reach that conclusion on the merits of the case.

As Judge Bright's opinion reflects, the substance which was the subject of count III was never recovered and no chemical analysis of that substance was performed. In arguing that the evidence is insufficient to support conviction, defendant says also that while circumstantial evidence in some instances may be sufficient to support conviction, in this case there simply is not enough and that the government's key witnesses are not credible; that indeed their testimony contains inconsistencies.

We, of course, view the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

Without detailing the evidence, it suffices to say that the evidence shows (1) the price paid for the substance, which had the appearance of heroin, was high, (2) the possession and related sale were in clandestine circumstances, (3) there had been previous heroin transactions among the same parties including one earlier on the same day, (4) shortly after the sale defendant undertook to elude a police officer by driving at high speed through a residential neighborhood; (5) the witnesses Dowdy and Neumann identified the substance as heroin.

While it must be conceded that in some respects the testimony of Dowdy and Neumann was inconsistent, on the whole the evidence was adequate to convince the jury of the guilt of the defendant beyond a

---

3. The record discloses that pure heroin almost invariably is greatly diluted by combination with a biologically neutral "cutting agent" prior to street sale.

4. As already noted, different samples of cut heroin possessed by Smith on occasions only a few days apart contained widely varying percentages of pure heroin. In addition, the record discloses that the prices of these samples bore no systematic relation to their heroin content.

5. [T]he salient factor score, which is also used in assessing a prisoner's eligibility for parole, establishes a point rating based in part on the offender's number of prior convictions. Multiple offenses are considered as a single conviction, for rating purposes, where the various counts arise from a single offense behavior. For example, when a defendant is convicted of several heroin sales occurring within a limited time period, say two months, those offenses are treated as a single behavior and rated as a single conviction. [United States v. Holder, supra, 560 F.2d at 956 (emphasis added) (footnote omitted).]

reasonable doubt. *Cf. United States v. Atkins,* 473 F.2d 308 (8th Cir.), *cert. denied,* 412 U.S. 931, 93 S.Ct. 2751, 37 L.Ed.2d 160 (1973).

Thus, I would affirm.