**STATE of Missouri, Respondent,**

v.

**Denarvel DAVIS, Appellant.**

**No. WD 31683.**

Missouri Court of Appeals,
Western District.

Sept. 1, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 1981.

Application to Transfer Denied
Dec. 14, 1981.

Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P. J. and TURNAGE and CLARK, JJ.

CLARK, Judge.

Denarvel Davis was found guilty by a jury, on a five-count indictment, of rape, two counts of sodomy, kidnapping and armed criminal action associated with the kidnapping. Prior to sentencing, the state dismissed the charge of kidnapping and the court imposed punishment of ten years for rape, fifteen years for each count of sodomy and ten years for armed criminal action. By specification that the sentences for sodomy run concurrently with each other and the sentence for armed criminal action be served concurrently with the other sentences, the aggregate term of imprisonment assessed was twenty-five years.

Although the sufficiency of the evidence is not questioned, the events upon which the charges were based must be recited as a prelude to discussion of the issues.

The evidence as viewed most favorably to the state permitted the jury to find the following facts. On September 21, 1979, during the evening hours, the victim approached her automobile in a parking lot and was there confronted by Davis who held a revolver. Davis ordered the victim into the vehicle, entered the back seat himself and directed the victim to drive while Davis held the gun to her head. After approximately one hour of random travel, Davis ordered that the car be driven to a dead-end street where he pulled the victim into a nearby field, required her to disrobe and, at the threat of death, forced her to participate in various acts of sodomy and intercourse.

Davis and the victim subsequently returned to the automobile and again drove in an aimless pattern for some twenty or thirty minutes with Davis behind the wheel but with the revolver still pointed at the victim. Finally, in a somewhat inexplicable change of attitude to one of remorse, Davis opined that he should surrender, he gave his name, home address and telephone number to the victim and left, turning the automobile back to the victim. Davis was later arrested that night and this prosecution followed.

The jury returned verdicts of guilty on all five counts, including the count for kidnapping. After a motion for new trial had been filed, but before judgment and imposition of sentence, the state dismissed the

kidnapping charge. Davis was then sentenced, as noted earlier, to the various terms on the remaining counts.

The indictment in this case charged that Davis committed the offenses of rape and sodomy with the aid and use of a deadly weapon, thus invoking the provisions of § 566.030.2 and § 566.060.2 which elevate the offenses to class A felonies and provide the greater punishment specified in § 558.-011.1, RSMo Supp.1980.[1] Absent the use of a weapon or infliction of serious injury, both rape and sodomy are class B felonies to which a lower range of punishment is applicable. In his first point on this appeal, Davis contends that his conviction for armed criminal action cannot stand coupled with convictions for class A rape and sodomy because the former offense is one associated generally with felonious use of a weapon while the rape and sodomy counts particularize the same prohibited conduct. The multiple convictions, he asserts, violate the Fifth Amendment to the United States Constitution and Art. I, § 10 of the Missouri Constitution. Davis also contends that § 556.041 must be construed to limit prosecution for armed criminal action to underlying felonies not otherwise containing punishment enhancement provisions where a weapon is used.

▇ The contentions Davis advances in this first point are associated with general questions which the armed criminal action statute has provoked. Some aspects have been considered in *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980), *vacated, Missouri v. Sours*, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980), on remand *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980), *cert. denied*, 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981) and, more recently, in *State v. Haggard*, 619 S.W.2d 44 (Mo.1981) and *State v. Fletcher*, 619 S.W.2d 57 (Mo. banc. 1981) and *State ex rel. Westfall v. Ruddy*, 621 S.W.2d 42. The present case, however, does not come within the holdings of *Sours* and subsequent related cases because Davis does not stand convict-ed both of armed criminal action and the underlying felony. Contrary to the assumption Davis indulges, his conviction for armed criminal action was not based on the companion felonies of rape and sodomy for which he was also sentenced but on the charge of kidnapping, now dismissed.

The record admits of no doubt on the subject. Count IV of the indictment charged Davis with kidnapping and made no reference to use of a weapon. Count V charged armed criminal action in the perpetration of the kidnapping and stated in its relevant part that Davis: "* * * committed the felony of kidnapping * * * by the use, aid and assistance of a deadly weapon."

Kidnapping is an offense proscribed by § 565.110 and may be a class A or class B felony. The statute contains no element of weapons use and the severity of the offense is neither enhanced nor reduced by the presence or absence of a dangerous instrument. So, too, does the kidnapping charge stand apart from the offenses of rape and sodomy, neither of which needed to be proven here to support the conviction for kidnapping. The particular argument advanced by Davis, that he cannot be twice convicted for felonious use of a weapon, simply does not apply in this case to his conviction for armed criminal action because the underlying felony, kidnapping is not a weapons offense.

It is also appropriate to note that Davis misconceives the nature of armed criminal action as a statutory offense. He contends that armed criminal action is merely a vehicle used to enhance punishment when the underlying felony is committed with a weapon. The decision in both *Sours* cases is to the contrary. Thus, in *Sours v. State, supra*, 603 S.W.2d at 599, the court states:

"Clearly, § 559.225, RSMo. Supp. 1976 provides for more than the mere enhancement of the sentence for the underlying felony. It calls for conviction of a second crime and for the imposition of a second sentence."

---

1. All statutory references are to RSMo 1978 except as otherwise noted.

Of course, on the holding in *Sours*, Davis may not be convicted of both kidnapping and armed criminal action because the former is a lesser offense included in armed criminal action. The recent case of *State ex rel. Westfall v. Ruddy, supra* also holds that when offenses of armed criminal action and the underlying felony are both charged, the jury must be instructed that the offenses are submitted in the alternative, and the defendant may not be convicted of both. Although Davis makes no complaint on this account, submission in his case of both armed criminal action and kidnapping without the limiting instruction was error under *State ex rel. Westfall.* As *Westfall* points out, however, submission of both offenses is made only when the evidence could support conviction on either charge, the critical factor being whether the jury finds the crime was committed with use of a gun.

■ In the present case, the use of a dangerous weapon in commission of the kidnapping was not in issue. In his defense, Davis denied ever having seem the victim and offered an alibi to demonstrate he was elsewhere when the crimes were committed. There was thus no evidence on which Davis could have been acquitted of armed criminal action based on the felony of kidnapping and also have been convicted of kidnapping. *State v. Hands*, 260 S.W.2d 14, 22 (Mo.1953); *State v. Perry*, 565 S.W.2d 841, 844 (Mo.App.1978). Because Davis was not entitled to submission of the lesser included offense of kidnapping, any instruction error was remedied when the kidnapping charge was dismissed.

Davis therefore was properly convicted of armed criminal action on proof that he committed the felony of kidnapping by use of a dangerous instrument or a deadly weapon. The quality and extent of that proof is not here in question.

In the closing portion of his argument as to the initial point of error, Davis appears to recognize the deficiency inherent in his mistaken reliance upon identity of the armed criminal action conviction with the offenses of rape and sodomy. Without more,

he asserts that due process required by the Missouri Constitution precludes concurrent convictions for "aggravated" offenses of rape and sodomy and armed criminal action even though the third offense, kidnapping, is the felony which supports the conviction for armed criminal action. The only authority cited for this contention is *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). The brief contains no explanation of how *Whalen* bears on the issue nor is there any development of the due process argument.

■ In *Whalen*, the question was whether Congress intended to authorize cumulative punishments for rape and for the killing of the victim committed during the course of the rape. No third offense was involved. While *Whalen* does indicate that the intention of the legislature in matters of punishment for criminal offenses must be ascertained and applied, that holding has no bearing on the point Davis seeks to establish. If, as is hereafter discussed, a defendant may be separately prosecuted and convicted for a continuing series of events involving both kidnapping and sex offenses, then no impediment exists to prevent conviction for the sex offenses and for armed criminal action despite the common element of weapons use in each, provided: (1) The armed criminal action charge is based on the kidnapping, and (2) There be conviction and sentence on armed criminal action or on kidnapping, but not on both.

An issue not explored by Davis or the state in briefing and argument, but implicit in the assumption which Davis made initially is the correlation between the armed criminal action and sex offense charges. Except for a closing sentence, Davis accords no recognition to the kidnapping charge and assumes that armed criminal action was the consequence of rape and sodomy perpetrated with use of a gun. As indicated earlier, the result reached in this opinion depends, in part, on the conclusion that kidnapping may constitute a discrete offense apart from the sex offenses and may independently constitute the felony underlying armed criminal action despite other charges in the same indictment.

Although restraint of the victim in some manner is no doubt accomplished in all rape cases perpetrated by use of force, whether or not the asportation or confinement of the victim necessary to commit the offense of kidnapping occurs depends on the facts of the case. Under the evidence here, not only was the victim "removed from the place where she was found" and was, in the common use of the term, kidnapped, but the removal and confinement of the victim was a distinct and severable act. The victim was taken by Davis at gunpoint and she was held captive for nearly one hour while Davis drove the streets before commencing his acts of sexual depravity. Even after Davis had committed the sexual offenses, he continued to hold the victim, threatening her life on the ground that her death was necessary to prevent his apprehension.

In a case of similar facts, *State v. Stewart*, 615 S.W.2d 600 (Mo.App.1981), this court in an exhaustive opinion considered a contention that kidnapping in the commission of a rape did not constitute a separate offense because the kidnapping was proven by the same facts necessary to prove the rape. While the opinion does observe that movement of a victim may under limited fact situations amount to incidental conduct not sufficient to support a charge of kidnapping, the removal of the victim with the attendant increased risk of harm over and above that inherent in the rape alone constitute the kidnapping a separate offense. The opinion also holds that kidnapping is not a lesser included offense to that of rape and that neither § 556.041 nor § 556.046 preclude prosecution and conviction of an accused for both crimes.

The *Stewart* case is determinative of the issue here. Davis was properly charged with armed criminal action in the perpetration of the felony of kidnapping, an offense distinct from the other charged crimes of rape and sodomy. Any possible ground for complaint on the constitutional issue of double jeopardy or upon the basis of § 556.041 was eliminated when the charge of kidnapping was dismissed by the state.

In his second and third points, Davis contends that he could not be charged, tried or convicted of two counts of sodomy because to do so violates Rule 23.10, § 545.110 and his constitutional right to immunity from multiple punishments for the same offense.

The second sentence of Rule 23.10, formerly Rule 24.14, provides that where two or more indictments or informations pend, the last filed suspends proceedings on those earlier filed. To the same effect is § 545.110. Neither has any application here because the sodomy offenses committed by Davis were charged in two counts of one indictment, a procedure authorized by Rule 23.05(b), formerly Rule 24.04(b).

While maintaining his argument that the second sodomy count suspends prosecution of the first as though each was the subject of a separate indictment, Davis also contends that the language of each sodomy count does not particularize the offense and that each therefore charges the same offense. From this assumption, he concludes that prosecution and conviction on the two counts is equivalent to prosecution of an accused under successive indictments, a procedure prohibited by § 545.110. This argument of necessity assumes that unless the particular factual details of each sodomy be set out in the indictment, then multiple offenses separately charged by counts amount to only a single charge on which only one conviction may be had.

Davis correctly characterizes the two counts of the indictment here charging sodomy as being identical in content. Each charged Davis with having deviate sexual intercourse with the named victim, to whom he was not married, by the use of forcible compulsion. Each count fully tracked the language of and identified the applicable statute, § 566.060. The details of the offenses not contained in the indictment were the particulars of fellatio and cunnilingus as well as anal intercourse which the evidence subsequently developed.

Davis did, of course, have the opportunity to obtain, under Rule 23.04, the details of each charge were there doubt as to

the separate identities of the sodomy offenses. A reviewing court is entitled to assume, in the absence of a motion for a bill of particulars, that the defendant is satisfied the charging document fully informs as to the facts of the offense. *State v. Pulis*, 579 S.W.2d 395, 397 (Mo.App.1979). It is unnecessary here, however, to deal with Davis' point on the technical sufficiency of the two counts charging sodomy because Davis was sentenced to concurrent terms for the sodomy convictions.

▮ Davis has not contended that the concurrent sentences imposed for sodomy will produce any result different from that which would have followed his conviction on one count alone. He tacitly acknowledges the sufficiency of the indictment to charge one offense of sodomy, questioning only the validity of the second count as lacking in particulars to differentiate it from the first. Under the concurrent sentence doctrine, a reviewing court may pass on the validity of less than all counts in a multi-count conviction if a ruling in appellant's favor as to the challenged counts would not reduce the penalty imposed as to the valid conviction. *United States v. Moore*, 555 F.2d 658, 661 (8th Cir. 1977). Because Davis was validly charged and convicted as to the first count of sodomy and avoidance of the second count would not reduce the punishment from that imposed by concurrent sentences, it is of no moment whether the second sodomy count indictment particularized the details to differentiate two sodomy offenses.

In his final contention, Davis advances the argument that the various acts of sodomy were committed on the same victim at the same place and although differing factually in the method of performance, the conduct violated only one statute. He therefore says that he has wrongly been subjected to multiple punishments for the same offense in violation of the Fifth Amendment to the United States Constitution.

▮ In *State v. Dennis*, 537 S.W.2d 652 (Mo.App.1976), this court held that each act of intercourse is a separate and distinct act

sufficient to support multiple prosecutions for rape of the same victim. In *Vaughan v. State*, 614 S.W.2d 718 (Mo.App.1981), prosecution for successive rape assaults on the same victim was affirmed on the basis of an intervening time interval of between 25 and 55 minutes which separated the two acts of intercourse. By analogy, we conclude here that differing acts of sodomy which involve different aspects of the human anatomy and which were here separated by a time interval consumed when Davis committed the offense of rape by performing natural intercourse, are of sufficient individual identity to support conviction of Davis for two acts of sodomy. He was not, therefore, twice sentenced for the same offense.

The judgment and sentence are affirmed.

All concur.