**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Clifford Van SMITH,
Defendant-Appellant.**

No. 43104.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 24, 1981.

Dewey S. Godfrey, Jr., St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Judge.

Defendant was convicted of two counts of rape, two counts of sodomy, one count of kidnapping and one count of assault. His appeal raises four points of alleged trial court error: (1) in failing to give MAI–CR 2d 2.10 and 2.12—the "acting with others" instructions; (2) in allowing the kidnapping and rape charges to be submitted separately as a violation of the proscription against double jeopardy; (3) in failing to declare a

mistrial for an alleged prosecutorial comment on defendant's right not to testify; (4) in allowing certain alleged hearsay evidence.[1] We affirm.

The state's case was strong, and we need not dwell at length on the facts. The victims were cousins, 18 and 19 years of age. Their auto had run out of gasoline while the girls were passing through Kinloch on their way home. Defendant, who was driving, and two companions stopped alongside the victims' auto ostensibly to give aid. Instead, they forced the hapless girls to enter the defendant's auto, drove them to a field and raped each of them and caused them to perform acts of sodomy. Later, defendant and his companions drove the girls to a shack in Kinloch occupied by Edward Wood, who was identified during trial as "the Old Man". Defendant and his two allies continued to force themselves upon the victims in the shack. Each assailant constantly perpetrated his flagitious acts of rape and sodomy for nearly seven continuous hours, during which defendant reached the nadir of execrable salacity by inserting a cane in the vagina of one of the victims and nearly suffocated her with a pillow when she cried out. During the stay in the shack, Wood ("the Old Man") watched all the sordid performance while displaying "girlie" magazines. A fourth man, who later arrived with food for the assailants, also joined in the fulsomely perverse and opprobrious conduct and contumelious treatment of the unfortunate victims.

At trial, defendant acknowledged sexual intercourse with one of the victims but asserted the defense of consent.

■ The first point of alleged trial court error deals with failure to submit MAI–CR 2d 2.10 and 2.12, the accomplice and aider and abetter instructions. Defendant asks that this point be considered under plain error as not having been properly presented in the motion for new trial. He argues that the failure of the trial court to give 2.10 and 2.12 deprived him of a "mere presence" theory of defense. The point is desolate of any merit.

First, the "mere presence" argument is garroted by defendant's defense of consent and cannot be appropriately applied to be congruent with that theory. Second, all the evidence was that defendant was an active participant throughout each of the elements of the crimes, and the jury was instructed in this regard. Thus, the state placed upon itself the more strict burden of proving defendant's personal involvement, rather than the expanded scope of allowing jury deliberation of him as merely an aider and abetter. Thus, no detriment occurred to defendant by the failure to submit MAI–CR 2d 2.10 and 2.12. *State v. Heitman*, 589 S.W.2d 249, 255–56 (Mo.banc 1979), *cert. denied*, 446 U.S. 941, 100 S.Ct. 2164, 64 L.Ed.2d 795 (1980), is precisely pertinent in this regard, holding that no prejudice could have resulted against defendant in a similar situation. The challenged instructions, in this case, placed an added burden on the state, and, hence, defendant is not in position to levy worthy complaint. *State v. Roland*, 619 S.W.2d 771, 776–77 (Mo.App. 1981).

■ Defendant next contends that the charges of kidnapping and rape constituted impermissible double jeopardy. But in similar circumstances multiple convictions for kidnapping and rape and sodomy arising out of the same transaction have specifically been approved. *State v. Greer*, 619 S.W.2d 62, 63 (Mo.banc 1981), affirming those convictions in *State v. Greer*, 609 S.W.2d 423 (Mo.App.1980). *State v. Olds*, 603 S.W.2d 501 (Mo.banc 1980), relied on by defendant, offers him no solace, for in *Olds* only the underlying felony of kidnapping in support of a murder-felony was set aside. This is to be distinguished from the circumstances of the case *sub judice* in which no murder-felony rule is applied. Furthermore, the separate convictions of attempted statutory rape and kidnapping of a second victim were affirmed in *Olds*. So it is that fourth point.

---

1. During oral argument, defendant's counsel stated that there would be no reliance on this

no double jeopardy occurred in this case by the multiple convictions of rape, sodomy, kidnapping and assault. Defendant was properly convicted of kidnapping and the other offenses charged by abducting the victims and transporting them to another area against their will to subsequently inflict the sex and assault acts. Each offense, including the kidnapping charge, stands apart from the others. *State v. Davis,* 624 S.W.2d 72 (Mo.App.1981); *State v. Stewart,* 615 S.W.2d 600 (Mo.App.1981).

■ During the prosecutor's direct examination of one of the victims, defendant's counsel objected to the question of whether the victim had ever returned to school after the assault upon her. In response to the trial court's inquiry as to the relevancy of the question, the prosecutor stated, apparently within hearing of the jury: "I anticipate, though I'm not sure, the defense in this case is consent, and to show the actions of the victim after this." Defendant's counsel then objected and moved for a mistrial, or in the alternative that the jury be instructed to disregard the remark, "as it calls attention to the fact that defendant may testify in this case".[2] During discussion at the bench, defendant's counsel acknowledged that in voir dire he had indicated that consent would be an issue in the case.[3] On this appeal, defendant urges that the comment of the prosecutor was an impermissible reference to the defendant's right to refrain from testifying and, in fact, compelled him to testify. We find that the comment as to consent was not improper, as it had been invited by defendant during voir dire. Also, the remark involved no infringement of defendant's fifth amendment rights as it was neither a direct nor certain reference to defendant's right not to testify. There was no prejudice to defendant by the remark nor was there any abuse of discretion by the trial court in sustaining the objection on the basis of relevancy of the question. *State v. Rothaus,* 530 S.W.2d 235, 237 (Mo.banc 1975); *State v. Brueckner,* 617 S.W.2d 405, 409–10 (Mo.App.1981); *State v. Sanford,* 605 S.W.2d 219, 222 (Mo.App.1980); *Eichelberger v. State,* 524 S.W.2d 890, 894 (Mo.App.1975).

■ Defendant's final point on appeal concerns a question asked of one of the victims as to what Edward Wood ("the Old Man") had said to her when she pleaded for help. The charge is inadmissible hearsay.

After having been subjected to sexual torment in the fields of Kinloch, the victims were taken to a shack in Kinloch occupied by "Old Man" Wood. As the victims were restrained helpless in defendant's car, one cried out for help from Wood as he peered at them through a window. The victim was allowed to testify over defendant's objection that Wood's response to the ululations was: "Shut your mouth and do what you're supposed to do or you're going to get hurt."

Defendant's challenge to the statement of Wood was that it was impermissible hearsay by a non-conspirator. But the record clearly establishes that prior to defendant's trial Wood had been indicted for rape, sodomy and kidnapping arising out of the same episode leading to defendant's conviction.[4] Therefore, even if Wood's statement were hearsay, which we do not perceive it to be, it would be admissible as res gestae under the circumstances as being uttered during the commission of the crime, *State v. White,* 621 S.W.2d 287 (Mo.1981); *State v. Newberry,* 605 S.W.2d 117 (Mo.1980); *State v. Hook,* 432 S.W.2d 349, 352 (Mo.1970); *State v. Mercer,* 611 S.W.2d 392 (Mo.App.1980); *State v. Webb,* 583 S.W.2d 536 (Mo.App.1979). Certainly, the statement does not implicate defendant any further

---

2. Defendant's counsel actually made "a motion to strike the reference of the prosecutor that he anticipated the defense is going to be consent . . .", which we interpret as a request to instruct the jury to disregard the remark.

3. [Defendant's counsel to the trial court] ". . . in voir dire I said if the evidence indicates to you it is consent." The transcript of the voir dire examination has not been supplied to this court on appeal.

4. Subsequent to defendant's trial Wood pleaded guilty to charges of conspiracy to commit rape and conspiracy to commit sodomy.

than he already was and does not prejudice him.

Judgment affirmed.

DOWD, P. J., and SIMON, J., concur.