**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Anthony P. JOHNSON,**
**Defendant-Appellant.**

**No. 43121.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 9, 1982.

Motion for Rehearing and/or Transfer
Denied April 16, 1982.

William J. Shaw, Public Defender, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Sara Rittman, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Judge.

This is a case of rape, sodomy and kidnapping.

Two young women, 18 and 19 years of age, had the misfortune of running out of gas on their way home. Three men stopped their car alongside the girls for the ostensible purpose of lending aid. Instead of helping, the men forced the girls into their auto, drove them to a field a mile or two away and forced them to submit to rape and sodomy. The girls were then forcibly taken some distance to a shack where they were again raped and sodomized by the original three assailants and joined now by the defendant who fully participated in the opprobrious activities. The resident of the shack looked on in voyeuristic rapture at the sordid episode in which the defendant was a self-acknowledged participant, although contending his actions were with consent.

*State v. Smith,* 626 S.W.2d 256 (Mo.App. 1981), involving the affirmance of the conviction of one of the coparticipants in this crime, sets forth the facts in more elaborate detail, including defendant's involvement.

In this appeal from his conviction for two counts of rape, sodomy and kidnapping, defendant raises a single point: that the trial court erred in submitting both rape and kidnapping, as the offenses were but a continuing course of conduct (Section 556.-041(4), RSMo 1978) and subjected defendant to double jeopardy.

The victims were seized from beside their automobile. They were taken without their consent, first to a field then to a shack some distance from the point of seizure where they were confined against their will and savagely raped and sodomized for approximately seven hours.

The argument that defendant asserts has been raised previously in Missouri, and the law in this state is clear that under the facts of this case defendant was properly charged with separate counts of rape, sodomy and kidnapping. The removal and confinement of the victims were separate and distinct from the acts of sexual depravity. Thus, there was no violation of defendant's statutory or constitutional rights. *State v. Greer,* 619 S.W.2d 62, 63 (Mo.banc 1981); *State v. Smith,* 626 S.W.2d 256 (Mo.App. 1981); *State v. Davis,* 624 S.W.2d 72, 76 (Mo.App.1981); *State v. Stewart,* 615 S.W.2d 600 (Mo.App.1981); *State v. Gormon,* 584 S.W.2d 420, 425–26 (Mo.App.1979).

Judgment affirmed.

DOWD, P. J., and SIMON, J., concur.