**STATE of Missouri, Respondent,**

v.

**Mitchell JACKSON, Appellant.**

No. 49359.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 19, 1985.

Motion for Rehearing and/or Transfer
Denied Dec. 23, 1985.

Application to Transfer Denied
Feb. 18, 1986.

**24**

Dave Hemingway, Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Christine M. Szaj, Asst. Attys. Gen., Jefferson City, for respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of kidnapping, rape, and armed criminal action and the resultant sentences, imposed by the court, of life imprisonment, and two thirty year terms. The 30 year sentence for armed criminal action was made concurrent to the life sentence; the 30 year sentence for rape was consecutive.

The victim was walking on a street in St. Louis County near her home. Defendant grabbed her around the neck and while holding a loaded gun to her head "walked" her approximately one block to a more isolated location behind a garage. There he

raped her. He then left after warning the victim not to leave for ten minutes or he would shoot her. Defendant presented evidence of an alibi.

Defendant first attacks the kidnapping conviction on the basis that the movement of the victim was of such brief duration both as to distance and time that it was simply incidental to the rape attack. Sec. 565.110, RSMo 1978, provides that kidnapping occurs when the defendant "unlawfully removes another without his consent from the place where he is found ... for the purpose of ... (4) Facilitating the commission of any felony...." Under the language of the statute the evidence was clearly sufficient to establish the elements of the crime. In the Comment to the 1973 Proposed Code the intention of the drafters is set forth reflecting a more restricted use of the kidnapping charge than the language of the statute might indicate. It is there stated:

"Kidnapping is designed to cover those situations where the confinement or movement of a person without his consent involves a high risk of injury or death, or where it creates a harm (including the terror of the victim) that is not adequately covered by another offense.... Kidnapping is not meant to cover the confinement or movement which is merely incidental to the commission of another offense.... How much movement or confinement is needed as a proper basis for kidnapping cannot be defined precisely as it will vary according to the circumstances...." Sec. 565.110, VAMS

As the comment further recognizes, kidnapping under subsection (4) will nearly always involve the commission of another offense and to that degree will, under that subsection, be incidental to the other offense. We have addressed that matter before. *State v. Gormon*, 584 S.W.2d 420 (Mo.App.1979) [11]; *State v. Johnson*, 637 S.W.2d 157 (Mo.App.1982) [1]. In attempting to reconcile the broad language of the statute with the narrower limits of the comment, the Missouri courts have looked to the increase in the risk of harm or

danger to the victim from the movement or confinement. *State v. Stewart*, 615 S.W.2d 600 (Mo.App.1981) [2]; *State v. Davis*, 624 S.W.2d 72 (Mo.App.1981) [3]; *State v. Lint*, 657 S.W.2d 722 (Mo.App.1983) [4, 5]. This increased risk of harm or danger may arise either from the movement itself or from the potential of more serious criminal activity because of the remoteness or privacy of the area to which the victim is moved. *State v. Stewart, supra.* The time involved in the movement or the distance it covers are not the determining factors.

■ Here the risk of harm to the victim was increased by both the movement and the remoteness of the location to which she was moved. During the movement, much of it on a public street, defendant held a loaded gun to the head of the victim. The potential of accidental or intentional discharge of the weapon was increased by the movement. The possibility of injury or death of the victim resulting from an attempt to escape or an attempted rescue by a third party was also increased. The relative privacy of the location to which the victim was taken as compared to the public street where she was seized also increased the potential for more serious or prolonged criminal attack on the victim. The kidnapping charge was fully supported by the evidence.

Defendant also challenges a statement made by the prosecutor during final argument regarding the cloak of innocence. The trial court made a curative statement to the jury which along with the instructions removed any prejudice which might have occurred from the statement. We find no error in the trial court's refusal to declare a mistrial.

■ One additional matter, not raised by defendant, must be addressed. Defendant was charged in the information with the Class A felony of kidnapping. The purpose of the unlawful movement of the victim charged in the indictment was to facilitate "the commission of a felony, to-wit: raping [the victim]." Interestingly the information set forth as the punishment authority

Section 558.011.1(2) which deals with Class B felonies. Kidnapping for the purpose of facilitating the commission of a felony is a Class B felony. Sec. 565.110.2 RSMo 1978. Defendant was found to be a "prior and persistent offender" and was sentenced to life imprisonment for the kidnapping "a Class A felony." The evidence in the case established the only purpose of the kidnapping was to facilitate the felony of rape and the verdict-directing instruction for kidnapping required a finding of that purpose. Sec. 558.016.6(2) provides that the maximum punishment for a persistent offender for a Class B felony is 30 years. Life imprisonment is authorized only for Class A felonies. Defendant was tried and convicted of a Class B felony and was given a sentence in excess of that provided by law for that crime.[1]

The sentence on the kidnapping count is set aside and the cause is remanded for resentencing. In all other respects the judgment is affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concurs.

---

1. By letter in response to this court's inquiry concerning the sentence the Attorney General has acknowledged that the sentence imposed was erroneous.