STATE of Missouri, Plaintiff–
Respondent,

v.

Ricky PATTERSON, Defendant–
Appellant.

Ricky PATTERSON, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 16638, 17514.

Missouri Court of Appeals,
Southern District,
Division Two.

March 19, 1992.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for respondent.

Judith C. LaRose, Columbia, for appellant.

MAUS, Judge.

In this case, initially filed in Scott County and tried in New Madrid County on a change of venue, defendant Ricky Patterson was convicted of having, on the 2nd day of July, 1987, kidnapped W.F.G. in Scott County. He was sentenced to imprisonment for thirty years. In Case No. CR388–1F, originally filed in New Madrid County and tried in Scott County on a change of venue, he had previously been convicted of having, upon the 2nd day of July, 1987, committed upon W.F.G. the of-

fenses of forcible rape, § 566.030, first degree robbery, § 569.020, and assault in the first degree, § 565.050. As a persistent offender, he was sentenced on each charge to a term of imprisonment for life. The appeal in Case No. CR388–1F is reported in *State v. Patterson*, 806 S.W.2d 518 (Mo. App.1991). The sentence in this case was ordered to run consecutively to the sentences in Case No. CR388–1F. Defendant appeals his conviction for kidnapping and the denial of his motion under Rule 29.15.

The following is a succinct statement of the facts. W.F.G. was employed at a service station in Scott County. Upon closing the station at midnight on July 1, 1987, W.F.G. walked toward her car. Defendant accosted her. He hit her and knocked her out. When she regained consciousness, she was lying in the front seat of her automobile which was being driven by defendant. He drove to New Madrid County and stopped adjacent to a field. He dragged W.F.G. from the automobile into the field in New Madrid County and beat, robbed and raped her.

Defendant's sole point on direct appeal is that

"[t]he trial court erred in failing to dismiss the kidnapping charge and in permitting appellant to be tried, convicted and sentenced on the kidnapping charge, after appellant had previously been convicted of assault, robbery and rape arising from the same incident, because the trial court was without jurisdiction and appellant's right to be free from double jeopardy, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the Missouri Constitution was thereby violated in that the state proved conduct that constituted an offense for which appellant had already been prosecuted (assault) in order to establish an essential element of the kidnapping charge (inflicting injury on victim)."

The point is presented in cavalier fashion. Neither his point nor his argument contains any reference to the manner in which this issue was presented to the trial court. He merely argues, "[t]he facts presented by the state, with the exception of reference to rape, at trial were substantially the same facts presented at the earlier trial held in Scott County for which appellant was convicted of rape, robbery and assault." He then presents an abstract discussion of the Double Jeopardy Clause and relies on *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

By his point, defendant misconceives the nature of the bar of the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." The Missouri Constitution prevents a person from being put again in "jeopardy of life or liberty for the same offense, after being once acquitted by a jury". Mo. Const. art. 1, § 19. Nevertheless,

"judicial glosses over the years, and the applicability of the Fifth Amendment to the States, through the Fourteenth, mandate that the principles and glosses on the Fifth, apply to the States. *Benton v. Maryland, supra*, [395 U.S. 784] 89 S.Ct. at [2056] 2061–63 [23 L.Ed.2d 707] [ (1969) ]. There is no readily discernible difference between the Fourteenth [sic] Amendment and the Missouri guarantee. *State v. Richardson*, 460 S.W.2d 537, 538 (Mo. banc 1970); *State v. Treadway*, 558 S.W.2d 646, 651 (Mo. banc 1977)." *State v. Bowles*, 754 S.W.2d 902, 907 (Mo.App. 1988).

▪ It is significant the Fifth Amendment bars placing a defendant in double jeopardy "for the same offense". It does not prohibit placing a defendant in jeopardy for each of a series of criminal acts, even though committed in a single episode. A separate criminal act may violate more than one criminal statute. That criminal act then constitutes more than one criminal offense. The Fifth Amendment has con-

sistently been construed and applied to multiple offenses arising from a separate criminal act.

*Blockburger v. United States*, supra, established a test to determine if multiple offenses arising from a separate criminal act are "the same offense". That test is:

> "The applicable rule is that where the *same act or transaction* constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. *Gavieres v. United States*, 220 U.S. 338, 342, 31 S.Ct. 421, 422, 55 L.Ed. 489, 490, and authorities cited." *Blockburger v. United States*, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. (Emphasis added.)

Also see *State v. Sprous*, 639 S.W.2d 576 (Mo.1982).

No case has been cited nor found by which the United States Supreme Court has construed the Fifth Amendment to be a bar to separate prosecutions for separate criminal acts, even though committed in a single episode. The authority is to the contrary.

> "The offense as to each separate bag was complete when that bag was cut, irrespective of any attack upon, or mutilation of, any other bag. The words are so plain as to require little discussion or further amplification to ascertain their meaning. The separate counts each charged by its distinctive number the

separate bag, and each time one of them was cut there was, as we have said, a separate offense committed against the statute." *Ebeling v. Morgan*, 237 U.S. 625, 629, 35 S.Ct. 710, 711, 59 L.Ed. 1151, 1153 (1915).

Also see *Blockburger*, supra; *Morgan v. Devine*, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915).

■ The rule established in this state permitting separate prosecutions for separate criminal acts, even though committed in a single episode, has been stated in the following terms.

> "Although a minority[1] of the Justices of the Supreme Court of the United States adhere to the view that the Double Jeopardy Clause requires the prosecution, in one proceeding, to prosecute 'all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction,' [Footnote omitted] Missouri has always followed the 'separate or several offense rule' rather than the same transaction rule. *State v. Treadway, supra*, 558 S.W.2d [646] at 651 [Mo. banc 1977]; *State v. Carter*, 535 S.W.2d 537, 538 (Mo.App.1976); *State v. Moton*, 476 S.W.2d 785, 788 (Mo. 1972) (robbery of two persons—convicted of two robberies in the first degree—no violation of double jeopardy). The double jeopardy doctrine is directed to the identity of the offense, and not to the act. *State v. Toombs*, 326 Mo. 981, 34 S.W.2d 61, 64 (1930)." *State v. Bowles*, 754 S.W.2d at 908.[2]

The following is a more succinct statement of the rule.

> In effect, this concurring opinion would construe the scope of the bar of the Double Jeopardy Clause to be co-extensive with the permissible joinder of offenses arising from the same transaction.

---

**1.** The concurring opinion of Justice Brennan, which is the minority view referred to, contains this statement.

> "This 'same transaction' test of 'same offence' not only enforces the ancient prohibition against vexatious multiple prosecutions embodied in the Double Jeopardy Clause, but responds as well to the increasingly widespread recognition that the consolidation in one lawsuit of all issues arising out of a single transaction or occurrence best promotes justice, economy, and convenience. [Footnote omitted.] Modern rules of criminal and civil procedure reflect this recognition." *Ashe v. Swenson*, 397 U.S. 436, 454, 90 S.Ct. 1189, 1199, 25 L.Ed.2d 469, 481 (1970).

**2.** The following statement appears in numerous cases.

> "To determine whether a defendant has been subjected to double jeopardy, Missouri courts follow the separate or several offense rule rather than the same transaction rule. *State v. Treadway*, 558 S.W.2d 646, 651 (Mo. banc 1977), *cert. denied*, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978). Under this rule, 'multiple convictions are permissible if the

"The prohibition is against a second jeopardy for the 'same offense.' The test is the identity of the 'offenses,' offenses identical in law and *in fact.*" *State v. Bowles,* 360 S.W.2d 706, 707 (Mo.1962). (Emphasis added.)

That rule has been consistently followed. *State v. Murray,* 630 S.W.2d 577 (Mo. banc 1982); *State v. Johnson,* 632 S.W.2d 506 (Mo.App.1982); *Green v. State,* 659 S.W.2d 219 (Mo.App.1983); *State v. Sprous,* supra; *State v. Lint,* 657 S.W.2d 722 (Mo.App. 1983). It is partially embodied in a statute. See § 556.041. The Double Jeopardy Clause does not bar successive separate prosecutions for each of three successive assaults upon the same victim, *Schofield v. State,* 750 S.W.2d 463 (Mo.App.1988), or for each of a series of acts of sodomy and rape, *State v. Sherrard,* 659 S.W.2d 582 (Mo.App.1983), or for rape, sodomy and assault, *State v. Olson,* 636 S.W.2d 318 (Mo. banc 1982), or for promoting prostitution at two locations, *State v. Lulkowski,* 721 S.W.2d 35 (Mo.App.1986), or for rape, sodomy and kidnapping, *State v. Johnson,* supra. Also see *Rodden v. State,* 795 S.W.2d 393 (Mo. banc 1990), dealing with

the successive murder of two people; and *State v. Bowles,* 754 S.W.2d 902, supra, dealing with the assault of five people by a single act of attempted arson.

■ It is true the scope of multiple prosecutions permitted under the *Blockburger* test has subsequently been limited by *Grady v. Corbin,* supra. That limitation is:

"[A] subsequent prosecution must do more than merely survive the *Blockburger* test. As we suggested in *[Illinois v.] Vitale* [447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980)], the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an 'actual evidence' or 'same evidence' test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct." *Id.* 495 U.S. at 521, 110 S.Ct. at 2093, 109 L.Ed.2d at 564.

However, that limitation must be read in reference to the test established by *Block-*

---

defendant has in law and in fact committed separate crimes.' *Id.* The applicable test, to determine whether several charges are identical, is 'whether each offense necessitates proof of a fact which the other does not.' *State v. Charles,* 612 S.W.2d 778, 781 (Mo. banc 1981), *cert. denied,* 454 U.S. 972, 102 S.Ct. 522, 70 L.Ed.2d 392 (1981) (citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)). The fact that there is some overlapping evidence that supports the convictions for both offenses does not violate the prohibition against double jeopardy. *State v. Murray,* 630 S.W.2d 577, 582 (Mo. banc 1982)." *State v. Lulkowski,* 721 S.W.2d 35, 37 (Mo.App.1986).

The *Blockburger* test focuses upon the elements of the offenses involved. *State v. Bowles,* 754 S.W.2d 902, supra. The quoted statement recognizes separate crimes and yet ambiguously relies upon the *Blockburger* test of different elements to determine if separate prosecutions are barred by the Double Jeopardy Clause. The ambiguity is apparent if the different elements test is applied to determine if two successive rapes constitute separate crimes. *Blockburger*

recognizes the distinction between two or more offenses arising from one criminal act and a series of criminal acts.

"The contention on behalf of petitioner is that these two sales, having been made to the same purchaser and following each other with no substantial interval of time between the delivery of the drug in the first transaction and the payment for the second quantity sold, constitute a single continuing offense. *The contention is unsound.* The distinction between the transactions here involved and an offense continuous in its character is well settled, as was pointed out by this court in the case of *In re* Snow, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658. * * *

\* \* \* \* \* \*

\* \* \* Each of several successive sales constitutes a distinct offense, however closely they may follow each other. \* \* \*. 'The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately ... [omission in original]. If the latter, there can be but one penalty.'" *Blockburger v. United States,* 284 U.S. at 301–302, 52 S.Ct. at 181, 76 L.Ed. at 308.

*burger.* The "conduct" referred to in *Grady* does not encompass the conduct of a defendant in committing a series of separate criminal acts in one episode. The conduct referred to in *Grady* is conduct which has been used to convict a defendant of a separate criminal offense. *Grady* bars the use of that conduct to establish a second offense resulting from the same criminal act, even though each of the two offenses may, within the meaning of *Blockburger,* require proof of an element the other does not. Neither *Blockburger* nor *Grady* prohibits the separate prosecution of a defendant for each of a series of separate criminal acts though committed in a single episode.

 In most cases, what constitutes a separate criminal act is apparent. See *State v. Olson,* supra; *State v. Davis,* 624 S.W.2d 72 (Mo.App.1981). When it is not apparent, an appropriate test is what, under the statutes, the legislature intended to be a unit of prosecution. See *Horsey v. State,* 747 S.W.2d 748 (Mo.App.1988).

In this case, the separate criminal acts are apparent. When defendant, in Scott County, kidnapped W.F.G. for the purpose of terrorizing her, the commission of that criminal act was complete. When, in New Madrid County, he in fact terrorized W.F.G. by his separate criminal acts of assault, robbery and rape, those separate crimes were not merged into the offense of kidnapping. See *State v. Blackmon,* 664 S.W.2d 644 (Mo.App.1984); *State v. Lint,* supra; *State v. Dennis,* 537 S.W.2d 652 (Mo.App.1976). Defendant's convictions of the separate crimes of assault, robbery and rape constitute no bar to his prosecution for the separate crime of kidnapping. The defendant's sole point on direct appeal has no merit.

Defendant filed a notice of appeal from the denial of his Rule 29.15 motion. However, he has stated no point of error in that denial. He has abandoned his appeal from that denial. *American Lease Plans, Inc. v. Cardin,* 558 S.W.2d 325 (Mo.App.1977).

The judgments of conviction and denial of his motion are affirmed.

SHRUM, P.J., and MONTGOMERY, J., concur.