# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1856

_____

| | | |
|---|---|---|
| Bobbie Lee Lawson, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  November 15, 2001

Filed:  December 7, 2001

_____

Before WOLLMAN, Chief Judge, JOHN R. GIBSON and FAGG, Circuit Judges.

_____

PER CURIAM.

After we set aside Bobbie Lee Lawson's guilty plea, conviction of three counts of being a felon in possession of a firearm, and sentence to 180 months imprisonment, Lawson withdrew the guilty plea, was reindicted, and tried. Lawson was convicted of four counts of being a felon in possession of a firearm and sentenced to 235 months imprisonment. We affirmed Lawson's conviction on appeal. See United States v. Lawson, 173 F.3d 666, 672 (8th Cir.), cert. denied, 528 U.S. 909 (1999). Lawson then brought a motion to vacate his sentence under 28 U.S.C. § 2255 (1994 & Supp. IV 1998), claiming, among other things, that he received ineffective

assistance of trial counsel. The district court[1] denied Lawson's motion without a hearing, but granted a certificate of appealability on the issue of whether Lawson's trial counsel was ineffective for failing to interview and subpoena certain witnesses. On appeal, Lawson contends he is entitled to a hearing on his ineffective assistance of counsel claim. Having reviewed the district court's decision de novo and concluded that the motion, files, and record of the case unmistakably show that Lawson is not entitled to relief, we affirm. See Smith v. United States, 182 F.3d 1023, 1025 (8th Cir. 1999).

We reject Lawson's request for a hearing because he cannot show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 689-90 (1984). Lawson correctly contends that failure to interview potential witnesses is not a decision related to trial strategy, thus counsel's performance was potentially unreasonable. See Whitmore v. Lockhart, 8 F.3d 614, 618-19 (8th Cir. 1993). Even if counsel's decision not to interview the potential witnesses was unreasonable, Lawson cannot prove prejudice. The testimony Lawson believed these witnesses could provide would not help prove his innocence of possessing a gun. Lawson contends these witnesses would bolster his claim, and refute the prosecution's claim, that he was the target, not the aggressor, of earlier gunfire. Regardless of earlier events, the firearm in question was recovered from Lawson's house immediately after he surrendered to police, thus establishing his possession. Additionally, because the challenged sentence runs concurrently with the sentences for three other counts, the challenged conviction and sentence has no harmful impact on Lawson's prison term. Lawson contests this reasoning, claiming it is an inappropriate application of the concurrent sentence doctrine. See United States v. Smith, 601 F.2d 972, 973-74 (8th Cir. 1979). The concurrent sentence

_____

[1]The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

doctrine permits courts to dismiss without reaching the merits a claim attacking fewer than all multiple concurrent sentences if success on the claim would not change the term of imprisonment. Id. Because the district court denied Lawson's claim on the merits, we disagree with Lawson's premise that the district court applied the concurrent sentence doctrine at all. Instead, we believe the district court properly discussed the concurrent sentencing scheme as one of the reasons why Lawson's claim fails to show prejudice. Finally, we reject Lawson's claim that his longer sentence imposed after trial shows prejudice. Lawson's sentence after trial was longer than his initial sentence after his guilty plea because Lawson lost the benefit of a two-level reduction for acceptance of responsibility. Both sentences were roughly in the middle of the guidelines range.

Finding no reversible error, we thus affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-