STATE of Missouri, Respondent,

v.

Daniel Ray WALKER, Appellant.

No. 57135.

Supreme Court of Missouri,
Division No. 2.

Sept. 11, 1972.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

John R. Moore, Donald R. Tharp, Platte City, for appellant.

STOCKARD, Commissioner.

Daniel Ray Walker was charged by information in three counts with rape and two separate and different acts of sodomy. He was also charged under the habitual criminal act, and upon being found guilty by the jury of the offense charged in each of the three counts, he was sentenced by the court to life imprisonment for each offense, the sentences to be served concurrently. The notice of appeal was filed in this court prior to January 1, 1972, and therefore this court has jurisdiction. Art. V, §§ 3 and 31, Constitution of Missouri, V.A.M.S.

Appellant does not challenge the sufficiency of the evidence to sustain the verdicts as to any of the counts. The evidence authorizes a finding by the jury that on March 6, 1970, he had sexual intercourse by use of force and threats of bodily harm with the prosecuting witness, and that on the same occasion he engaged in

two separate and different acts of sodomy against her will.

Appellant's first point is that the court erred in overruling his request that the State be required to elect on which one of the three counts it would proceed to trial.

At the time of appellant's trial, June 14, 1971, Supreme Court Rule 24.04, V.A.M.R., then in effect, did not authorize the joinder in one information of the three offenses with which appellant was charged. An amendment to Rule 24.04 became effective on July 1, 1971 which then authorized such joinder and the trial of the three charges at the same time. Appellant does not contend that if his trial had been held subsequent to July 1, 1971, he could not properly, pursuant to the Amended Rule 24.04, have been tried in a single trial for the three offenses.

█ As a general rule an accused may not, over his objection, be convicted in one trial of two or more distinct felonies, except in those cases specifically authorized by statute or rule. State v. Terry, Mo., 325 S.W.2d 1. However, the joinder of distinct felonies, other than those specifically authorized, does not result in the indictment or information being bad as a matter of law. State v. Gholson, Mo., 292 S.W. 27. When two or more felonies are improperly charged in the same indictment or information, the remedy is to require the State to elect on which count it will go to the jury, State v. Frankum, Mo., 425 S.W.2d 183, 189, but an accused cannot complain of a failure of the prosecution to elect where he has made no request for an election. State v. Terry, Mo., supra. In this case, before trial, appellant did object to the information on the basis that it charged him with three felonies, and he also moved that the State be required to elect on which one of the counts it would proceed to trial.

It must be conceded that the then applicable rule did not authorize the State to try appellant for the three offenses in one

trial. But, Rule 24.04 is procedural, and in the event the judgment of the trial court is reversed and the cause remanded, the State would then be authorized to retry appellant in the precise manner in which the first trial was held.

█ It has been said that error in a criminal case is presumed to be prejudicial, State v. Allen, Mo., 246 S.W. 946; State v. Hulbert, 299 Mo. 572, 253 S.W. 764, but such a presumption is not conclusive, State v. Boone, 355 Mo. 550, 196 S.W.2d 794, certiorari denied 334 U.S. 823, 68 S.Ct. 1078, 92 L.Ed. 1752, and may be overcome by the facts and circumstances of the particular case. State v. Coleman, 186 Mo. 151, 84 S.W. 978, 69 L.R.A. 381. Although we have found no case with a similar factual situation, we are of the opinion that the error in this case was harmless in view of the fact that a second trial would be conducted precisely as the first. Harmless error is not grounds for reversal of a judgment. State v. Davis, Mo., 369 S.W.2d 237; State v. Spica, Mo., 389 S.W.2d 35, certiorari denied, 383 U.S. 972, 86 S.Ct. 1277, 16 L.Ed.2d 312. At most, we find a procedural error without prejudice.

During the testimony of the prosecuting witness concerning the force used by appellant in committing the offenses, she stated: "* * * he sat there with his arm around me and started talking about his family, he told me that he had been up for two rape cases before—." At this point counsel for appellant objected because "this would be strictly hearsay," and asked that the court instruct the jury to disregard the statement and also that the witness be instructed not to make "such spontaneous remarks." A discussion between the court and counsel was held in which the prosecutor advised the court that "I anticipate what she will say Mr. Walker said is that you better not tell anybody about this because I've been up on two rape charges before, and I've beaten both of them, or words to that effect, and that that is a threat against her reporting this

incident to any one." The court then stated: "I will overrule your objection. I won't strike it at this time. We'll wait and see. But as far as the spontaneous remarks are concerned, Mr. Moore, I'll have to wait and see. I can't tell what she is going to come up with Mr. Moore. I can't anticipate that. You'll have to object when it comes up. At this time I deny your objection." Counsel for appellant then moved for a mistrial because the State had shown "the possibility or indication that this defendant has committed other rapes, and without the court taking some action to alleviate that from the minds of the jury, the defendant at this time moves for a mistrial."

The prosecuting witness then testified that "He told me he had been up for rape twice before and that he hadn't been convicted, that he could always get out of it, and I might as well not tell my folks or the police because it wouldn't do any good." Following this testimony appellant made no objection or motion to strike, and did not again ask for a mistrial.

In argument appellant asserts that he had not "put his character in issue and such testimony caused the jury to prejudge defendant on his alleged past conduct." Under his point he cites State v. Hook, Mo., 432 S.W.2d 349, and State v. Pflugradt, Mo.App., 463 S.W.2d 566, both dealing with the admission of statements under the *res gestae* rule.

■ This testimony of the prosecuting witness as to what appellant had told her at the time of the commission of the offense was not to prove the truth of the statement, that is, that appellant had "been up for rape twice before and that he hadn't been convicted." Instead it was to prove that appellant made those remarks in the form of a veiled threat. When offered for this purpose the testimony was not hearsay as to the witness. Such statements were relevant and material to explain why the prosecuting witness was frightened, to

show the aggressiveness on the part of appellant, and to explain acquiescence on the part of the witness to subsequent demands made of her by appellant. As stated in State v. Harrison, 263 Mo. 642, 174 S.W. 57, it is proper to show all the acts done or words spoken by an accused at the time of committing an offense, "so that the jury may know the animus which inspired the act charged."

Although not material to the issue, we note that the report of the pre-sentence investigation shows that appellant previously had been twice charged with rape. In one case the charge of statutory rape was reduced to common assault, and a guilty plea entered. In the other case the complaining witness did not appear and the charge was dismissed.

■ The State offered in evidence three envelopes containing hair found on the floor of the automobile in which the offenses took place. Appellant's objection was sustained on the basis that the hair had not been sufficiently identified. Appellant now asserts that the court "erred in not directing the jury to disregard any and all testimony concerning the hair allegedly found in the complaining witness's automobile since such hair was not received in evidence."

No request was made that the jury be so instructed, and there was no motion to strike the testimony. The court granted all the relief requested by appellant when it sustained appellant's objection. This is not a case where the trial court should have acted without a request, and appellant, having made no request that the jury be directed to disregard the evidence, cannot now complain on appeal. State v. Winslow, Mo., 11 S.W.2d 1010.

■ Appellant contends that the verdict directing instruction on rape was erroneous in that "it failed to instruct as to the necessity of the prosecuting witness to offer the utmost resistance or any resistance

and in that it failed to instruct as to whether there was any element of consent or a passive submission on the part of the prosecuting witness to the sexual intercourse."

The instruction given, apparently without objection as far as shown by the record, follows the proposed instruction for forcible rape contained in Missouri Pattern Jury Instructions—Criminal. In State v. Beck, 368 S.W.2d 490, it was held that " 'the "utmost resistance" doctrine does not apply where the woman is put in fear of personal violence, and her will thus overcome * * *. "A consent induced by fear of personal violence is not consent; and though a man lay no hands on a woman, yet if, by an array of physical force, he so overpowers her mind that she does not resist, he is guilty of rape by having unlawful intercourse." ' " The instruction in this case authorized a verdict of guilty if the jury found beyond a reasonable doubt that appellant had intercourse with the prosecuting witness "against her will after he caused her to submit by threats which caused her to fear physical violence to herself." It also provided that if the jury did not find and believe from the evidence beyond a reasonable doubt "each and all of the foregoing, you must find the defendant not guilty of that offense." The evidence clearly supports a finding of submission by the prosecuting witness because of threats causing a fear of personal violence. It is true that appellant testified that the prosecuting witness consented to the act of sexual intercourse, but that issue was for the jury. The instruction told the jury that if it did not find that the intercourse was "against her will," that is, if it found that the intercourse was with her consent, the jury "must find the defendant not guilty." Therefore, the instruction did cover the issue of consent.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.