STATE of Missouri, Respondent,

v.

Shirley Mae LULKOWSKI, Appellant.

No. 50661.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 14, 1986.

Motion for Rehearing and/or Transfer
Denied Nov. 18, 1986.

Application to Transfer Denied
Jan. 13, 1987.

Jeffrey S. Gavin, Poplar Bluff, for appellant.

William L. Webster, Atty. Gen., Kevin Bradley Behrndt, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Defendant appeals her conviction on two counts of promoting prostitution in the second degree for managing prostitution enterprises at a location on South Highway 141 in Fenton and on Gravois Road in Jefferson County.

The state originally filed two indictments against defendant, one for managing the Gravois location and the other for managing the Highway 141 enterprise. On December 26, 1984, the state filed a motion to consolidate the indictments into one indictment with two counts. On January 4, 1985, defendant filed an objection to the state's motion to consolidate. The court apparently granted the state's motion, as defendant was tried on both charges. Due to what was likely a clerical error, however, the court's records do not reflect the court's order granting the state's motion to consolidate.

The record shows defendant was served a motion in limine the day before trial by the state which showed the offenses would be tried together. On July 23, 1985, the first day of trial, defendant's attorney announced that he was ready to proceed. The prosecuting attorney explicitly stated in voir dire and in his opening statement that defendant was being tried for managing prostitution enterprises at both locations. At no time did defendant move to sever the offenses, nor did defendant object to the consolidation at trial or in a motion for new trial.

On July 24, 1985, defendant was found guilty on both counts of promoting prostitution under § 567.060. Evidence in support of the verdict included testimony by several police-paid investigators who patronized the facilities and an attorney who took defendant's deposition in a related civil matter. The attorney testified defendant had stated she managed both facilities even before she purchased them and had made numerous format changes after she became the owner, including: increasing the operating hours, hiring more girls, making the girls independent contractors, requiring the girls to have frequent medical exams, and changing the location names and corporate names.

The jury assessed punishment at seven years on each count and a fine to be determined by the court. The court sentenced defendant to consecutive sentences of seven years on each count and fined defendant $5,000 on each charge. We affirm.

■ Defendant's first point of error alleges the trial court committed plain error in entering judgment on the two verdicts because it placed her in double jeopardy by subjecting her to multiple punishment for the same offense. In reviewing for plain error, the defendant has the burden "of demonstrating that the action of the trial court resulted in manifest injustice or mis-

carriage of justice." *State v. Groves,* 646 S.W.2d 82, 83 (Mo. banc 1983).

To determine whether a defendant has been subjected to double jeopardy, Missouri courts follow the separate or several offense rule rather than the same transaction rule. *State v. Treadway,* 558 S.W.2d 646, 651 (Mo. banc 1977), *cert. denied,* 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978). Under this rule, "multiple convictions are permissible if the defendant has in law and in fact committed separate crimes." *Id.* The applicable test, to determine whether several charges are identical, is "whether each offense necessitates proof of a fact which the other does not." *State v. Charles,* 612 S.W.2d 778, 781 (Mo. banc 1981), *cert. denied,* 454 U.S. 972, 102 S.Ct. 522, 70 L.Ed.2d 392 (1981) (citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)). The fact that there is some overlapping evidence that supports the convictions for both offenses does not violate the prohibition against double jeopardy. *State v. Murray,* 630 S.W.2d 577, 582 (Mo. banc 1982).

Defendant was charged with two counts of Promoting Prostitution in the Second Degree, pursuant to § 567.060, RSMo 1978, for managing prostitution enterprises at a location on South Highway 141 and at a site on Gravois Road. Section 567.060.1 provides:

A person commits the crime of promoting prostitution in the second degree if he knowingly promotes prostitution by managing, supervising, controlling or owning, either alone or in association with others, a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more prostitutes.

§ 567.060.1, RSMo 1978. Defendant contends the statute condemns a course of conduct and that her actions in managing the two facilities constitute, at most, a single enterprise, and thus she was subjected

to multiple punishment for the same offense. We disagree.

The Missouri Legislature does not define the term "enterprise" within the chapter on prostitution.[1] From an analysis of chapter 567 and the Comments to the 1973 Proposed Criminal Code, however, we find the language of § 567.060, "prostitution business or enterprise," was intended as a catchall to embrace prostitution activity that was not necessarily contained within a structure (such as a truck-stop service or street operation). The Comment to the Proposed Code provides:

The one term, "promoting prostitution," eliminates the need for separate statutes on procuring, pimping, transporting for purposes of prostitution, keeping a house of prostitution or leasing premises for such activity, profiting from prostitution, and includes any other "conduct designed to institute; aid or facilitate an act or enterprise of prostitution" as well as "profiting from prostitution."

§ 567.010, Comment to 1973 Proposed Code, V.A.M.S. (1979).

We do not believe it was the legislature's intent that the operation of two prostitution facilities, at separate addresses, individually incorporated, with different names, and serviced by a distinct group of girls constitutes but one enterprise and thus a single violation of the statute. Such an interpretation would lead to the absurd result that an operator of prostitution facilities located in every county of the state would be subject to a single violation of promoting prostitution. We find two distinct violations of the statute.

Separate and distinct facts were necessary to support the convictions for two violations of the statute. As the evidence showed, there were two houses of prostitution, located at different addresses, incorporated under separate names, and operating with different sets of girls. The state correctly points out that the jury was instructed under MAI No. 2.70, which directs

1. Black's Law Dictionary defines the term "enterprise" as "[a] venture or undertaking especially one involving financial commitment." Black's Law Dictionary 476 (5th ed. 1979).

the jury to weigh separately the evidence as to each offense. It was conceivable that the jury could have found the evidence sufficient to support a conviction on one count and insufficient on the other. As in *State v. Childs*, 684 S.W.2d 508 (Mo.App. 1984), where we affirmed a conviction for three counts of rape stemming from repeated acts of forcible sexual intercourse with the same victim over a five hour period, we find no manifest injustice as appellant was convicted for two distinct violations of § 567.060. Point one is denied.

In defendant's second point, she contends the trial court committed plain error in sustaining the state's motion to consolidate the two indictments as there was no statute or court rule empowering the court to do so and as a result, the indictment was a nullity. Once again, in reviewing for plain error our review is limited to error that would result in "manifest injustice" if left uncorrected. *State v. Groves*, 646 S.W.2d 82, 83 (Mo. banc 1983).

■ Instead of filing one indictment with two counts, the prosecutor filed two separate indictments which were then consolidated under one cause number. The relevant statutory provision governing joinder of offenses is § 545.140.2, RSMo.[2] While this section does not explicitly authorize consolidation of indictments, the end result, joinder of related criminal offenses, is clearly within the intent of the statute. As we recently noted, the legislature must have intended to expand the state's authority regarding joinder of offenses as § 545.-140 significantly enlarged the scope of joinder under Rule 23.05. *State v. Harris*, 705 S.W.2d 544, 547 (Mo.App.1986). Liberal joinder of criminal charges is to be encouraged in order to achieve judicial economy. *State v. Smith*, 682 S.W.2d 861, 863 (Mo. App.1984).

■ Even if the consolidation was improper, misjoinder of multiple offenses does not result in the indictment being void. *State v. Walker*, 484 S.W.2d 284, 286 (Mo.1972). Defendant cites *State v. Atterberry*, 659 S.W.2d 339 (Mo.App.1983), involving an indictment which failed to allege essential elements of the offense charged. It is true that where an indictment is insufficient the court does not acquire jurisdiction; the rationale being the accused must be adequately informed of the charges against him so he may prepare a sufficient defense and plead double jeopardy if an acquittal results. *State v. Gilmore*, 650 S.W.2d 627, 628 (Mo. banc 1983). However, the indictments have not been challenged on grounds of insufficiency. Rather, only their consolidation is at issue and misjoinder does not render a court without jurisdiction. *Walker, supra*, at 286.

■ Joinder of the charges for managing houses of prostitution at two locations, with virtually identical operating methods, were of "the same or similar character" as to be joined under § 545.140. Because we find the offenses clearly interrelated so as to permit joinder, we find no prejudice to defendant that would result in manifest injustice. Point two is denied.

In defendant's third point she contends the trial court committed plain error in failing to make a formal ruling on the record, evidencing that the indictments were consolidated, and she was prejudiced thereby. In her fifth and related point, defendant claims that because there was no formal record consolidating the indictments, the indictment under which she was tried remained a charge of a single offense of promoting prostitution in the second degree. She then argues the court committed plain error in instructing the jury on two counts of promoting prostitution in the second degree because the instructions did not conform to the indictment.

**2.** Section 545.140.2 provides:

Notwithstanding Missouri supreme court rule 24.07, two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or infractions, or any combination thereof, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. § 545.140.2, RSMo Supp. 1984.

Defendant claims she did not receive notice of the court's order of consolidation and was thereby prejudiced in that she was deprived of the opportunity to challenge the charge as multiplitious and had inadequate opportunity to prepare for trial as to the additional charge. It is true that the record does not evidence the trial court's ruling on the state's motion to consolidate the indictments. Nonetheless, we do not find an error of a clerical nature to meet the plain error standard of "manifest injustice." "The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review." *State v. Valentine*, 646 S.W.2d 729, 731 (Mo.1983).

We are confident defendant had notice of the court's order consolidating the indictments. The state filed its motion to consolidate on December 26, 1984 and defendant filed her objection thereto on January 4, 1985. Defendant was not tried until July 24, 1985, six months later. The state served defendant with a motion in limine the day before trial, which showed the charges would be tried together. Nonetheless, on July 24, counsel for defendant answered at trial that he was ready to proceed. In his voir dire questioning and opening statement, the prosecuting attorney explicitly stated defendant was on trial for managing prostitution enterprises at both the Gravois and Highway 141 locations. Defendant never objected at trial that she was unprepared to defend against both charges nor did she include the allegation of error in a motion for new trial.

As to defendant's claim that the verdict directors did not conform to the charging document, "[f]or instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury as to cause 'manifest injustice or miscarriage of justice.'" *State v. Williams*, 652 S.W.2d 102, 114 (Mo. banc 1983).

The court obviously ordered the indictments consolidated, but probably due to a clerical error, the ruling was not entered in the court's record. We are confident, however, that defendant had notice of the court's ruling and do not find that she was prejudiced thereby to the level of "manifest injustice." The indictments were consolidated into one indictment for two counts of promoting prostitution in the second degree and the verdict directors were consistent with the indictment. Points three and five are accordingly denied.

Defendant alleges in her fourth point that there was insufficient evidence to support the jury's verdict on count two, charging defendant with managing a prostitution enterprise on Gravois Road. In ruling on the sufficiency of the evidence to support a guilty verdict, we accept as true all evidence in the record, whether circumstantial or direct, tending to prove the defendant's guilt. *State v. Chase*, 444 S.W.2d 398, 401 (Mo. banc 1969). "We are limited to determining whether the evidence, viewed in the light most favorable to the state, is sufficient to support the verdict." *State v. Davis*, 653 S.W.2d 167, 172 (Mo. banc 1983).

Defendant claims the evidence showed only that she owned the facility on Gravois Road, a distinct offense under § 567.060, RSMo., while she was charged with managing the enterprise. We disagree. The testimony of an attorney, who took defendant's deposition in a related civil matter, was alone sufficient to support the guilty verdict under the above standard of review.

The witness testified defendant had stated she managed the facilities even before she owned them and that she was in charge of the money. After she purchased the business she changed the format by increasing the operating hours, hiring more girls, and requiring the girls to have regular medical exams. The girls became independent contractors, renting the rooms from defendant. Defendant also changed the name of the Gravois location to "Monique's Health Salon" and "Monique's Massage Parlor." The witness testified defendant had stated "Monique" was her pseudonym. The court did not err in overruling defendant's motion for judgment of

acquittal on count two as we find there was sufficient evidence to support the guilty verdict.

For the reasons set forth above, we affirm the judgment.

SMITH, P.J., and REINHARD, J., concur.