STATE of Missouri, Respondent,

v.

Mickey Valentine POLLOCK, Appellant.

No. WD 39000.

Missouri Court of Appeals,
Western District.

Sept. 1, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 1987.

Application to Transfer Denied
Nov. 17, 1987.

Janet M. Thompson, Columbia, for appellant.

William L. Webster, Atty. Gen., Patrick L. King, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and
BERREY and GAITAN, JJ.

PER CURIAM.

Defendant appeals from jury trial convictions of unlawful use of weapon, § 571.030 RSMo 1986,[1] and unlawful possession of a concealable firearm, § 571.070, and sentence to concurrent five-and twelve-year sentences. On appeal, he presents the following points for review: one, that the evidence was not sufficient to support his

1. All statutory references are to RSMo 1986, unless otherwise stated.

convictions; and, two, that he was subjected to double jeopardy by being convicted of both unlawful use of a weapon and unlawful possession of a concealable firearm.

Judgment affirmed.

■ Viewing the evidence in the light most favorable to the state, as we must, the facts appear as follows. Defendant was in a two-car collision. The other car was driven by Karl Fitzgerald and occupied by Jeffrey Perkins. Immediately after the collision, defendant threw some whiskey and beer bottles that were in his car into a ditch. He then approached the other vehicle and asked Fitzgerald and Perkins if they were injured. Defendant's knee was injured in the crash and was bleeding.

Officer Emerson McGuire, of the Columbia Police Department, responded to a call to the scene a few minutes after the collision. When he arrived, defendant was lying in an ambulance nearby. Fitzgerald and Perkins sat in Officer McGuire's police car and related information to him for his accident report. After he spoke with Fitzgerald and Perkins, McGuire approached the ambulance. Defendant, who appeared intoxicated, was refusing further assistance from the ambulance attendants. McGuire asked defendant to perform several field sobriety tests. Based on defendant's poor performance on the tests and his appearance and demeanor, Officer McGuire arrested defendant for driving while intoxicated. He handcuffed defendant's hand behind his back and placed him in the patrol car. He did not search defendant before he put him in the car.

McGuire then transported defendant to the Columbia, Missouri, police station. Defendant rode with his legs stretched out across the back seat. As McGuire pulled into the police garage, he heard the links in defendant's handcuffs jingle. He turned on the dome light in the patrol car and turned to look back at defendant. Defendant had a small pistol in his hand. McGuire shouted at defendant and defendant dropped the gun. After McGuire had retrieved the gun from the back seat, he pulled defendant out of the car. Defendant told him, "You should have searched me better."

After he delivered defendant to the police station, McGuire went back to the scene of the accident and searched defendant's car. In the car, he found an empty holster that would fit defendant's gun.

On appeal after conviction, we view the evidence and all inferences reasonably to be drawn therefrom in the light most favorable to the verdict, disregarding all contrary evidence and inferences. *State v. Guinan*, 665 S.W.2d 325, 327 (Mo. banc 1984), *cert. denied*, 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984). Defendant argues that the evidence adduced by the state was not sufficient to support his convictions because it was not inconsistent with his defense that he found the gun in the patrol car during the ride to the station.

When the state has relied on circumstantial evidence of guilt, the facts and circumstances shown must be consistent with each other and with defendant's guilt, and must be inconsistent with every reasonable hypothesis of defendant's innocence. *State v. Rodden*, 728 S.W.2d 212, 213 (Mo. banc 1987). Officer McGuire testified that he checked the interior of the patrol car for contraband and weapons before he began his shift on the day defendant was arrested. No one had ridden or sat in the back seat of the patrol car until Fitzgerald and Perkins were in the car. Both testified and denied leaving the gun in the car. Officer McGuire did not search defendant before putting him in the car, and McGuire found a holster that would fit the gun in defendant's car. There was sufficient evidence from which the jury could find defendant guilty on the unlawful use of weapon charge and the unlawful possession of a concealable firearm charge.

Second, defendant claims that his two convictions arose from the same set of facts and thus violated his constitutional protection against double jeopardy and the Missouri statutory limitation on convictions for multiple offenses on the same set of facts, § 556.041(3). The test used to determine whether a defendant has been subjected to double jeopardy was set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *State v. McCrary*, 621 S.W.2d 266, 269 (Mo. banc 1981). The legislature has codified the *Blockburger* definition of lesser included offenses in § 556.046.1(1) RSMo., and has provided, in § 556.041(3) RSMo., that a defendant may not be convicted of more than one offense if the two offenses "differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct."

■ Applying the *Blockburger* test, we find that unlawful use of weapons and unlawful possession of a concealable firearm each require proof of facts that the other does not. An unlawful use of weapons charge requires that the defendant carry a weapon "concealed upon or about his person...." § 571.030.1(1). Unlawful possession of a concealable firearm does not require proof that the weapon was actually concealed. An unlawful possession of a concealable firearm charge requires, in part, that the defendant "has pled guilty to or has been convicted of a dangerous felony, as defined in § 556.061 ...," or a similar crime in another state. Unlawful use of weapons does not require any such element.

Unlawful use of weapons and unlawful possession of a concealable firearm require proof of distinct elements. Although the evidence used to support the convictions overlaps, conviction of both on the same set of facts does not violate the prohibition against double jeopardy, or violate the statutory prohibition against convictions of multiple offenses on the same set of facts. *McCrary*, 621 S.W.2d at 270.

Judgment affirmed.