**Richard Evan WRIGHT, III, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 40545.**

Missouri Court of Appeals, Western District.

Nov. 29, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1989.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and COVINGTON, JJ.

LOWENSTEIN, Judge.

This appeal concerns the denial of motion for post-conviction relief. Wright appeals the decision of the motion court denying that: 1) his plea of guilty to two separate charges amounted to double jeopardy; and 2) trial counsel's failure to inform his client of the possible double jeopardy implications of pleading guilty to the two crimes amounted to ineffective assistance of counsel.

The underlying facts are that Wright stole a controlled substance and entered guilty pleas, then in this case, on advice of counsel pled guilty, to charges of possession of the same contraband.

Wright pled guilty to and was sentenced to four ten-year concurrent sentences in Boone County on two counts of Burglary Second Degree, § 569.170, all statutory references refer to RSMo 1978, V.A.M.S., and two counts of Felony Stealing, value of property exceeds $150.00, § 570.030. Wright then pled guilty to possession of Meperidine Hydrochloride, commonly known as Demerol Hydrochloride, in the circuit court of Callaway County on March 26, 1986, § 195.020. He was sentenced to fourteen years imprisonment.

Wright contends that because he was in continuous possession of the drug from the time he stole it, July 23, 1985, until his possession arrest, July 24, 1985, the act of stealing and carrying away the drug should be merged with the act of possessing it. To do otherwise, Wright claims, violates the double jeopardy clause, in that he was convicted and punished twice for the same offense. Wright, in his Rule 27.26 motion, also attempted to establish that his trial counsel's failure to inform him of the double jeopardy implications of the sentences charged amounted to ineffective assistance of counsel. The trial court denied the motion.

Appellate review of a trial court's denial of post conviction relief is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j). The double jeopardy clause protects persons from being subjected to the same offense after acquittal; second prosecution for the same offense after conviction; and multiple punishments for the same offense. *Blockburger v. U.S.,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). *See also Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). This motion is to set aside a guilty plea. In order to sustain that motion, the conduct of counsel must be below the objective standard of reasonableness and there must be a reasonable probability that but for counsel's errors, Wright would not have pleaded guilty. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

In *State v. Treadway,* 558 S.W.2d 646, 651 (Mo. banc 1977), *cert. denied,* 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978), the Missouri Supreme Court adopted the separate or several offense rule rather than the same transaction approach to double jeopardy claim. In *State v. Lulkowski,* 721 S.W.2d 35 (Mo.App.1986), the court explained the several or separate offense rule:

Under this rule, "multiple convictions are permissible if the defendant has in law and in fact committed separate crimes." *Id.* [citing *Treadway,* supra at 651].

The applicable test, to determine whether several charges are identical, is "whether each offense necessitates proof of a fact which the other does not." *State v. Charles*, 612 S.W.2d 778, 781 (Mo. banc 1981), cert. denied, 454 U.S. 972, 102 S.Ct. 522, 70 L.Ed.2d 392 (1981) (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)). The fact that there is some overlapping evidence that supports the convictions for both offenses does not violate the prohibition against double jeopardy. *State v. Murray*, 630 S.W.2d 577, 582 (Mo. banc 1982).

*Lulkowski*, 721 S.W.2d at 37.

Wright pled guilty to and was convicted of stealing Demerol in violation of § 570.030. The applicable part of that statute reads: "A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion." § 570.030(1).

Wright also plead guilty to and was convicted of possession of demerol in violation of § 195.020. The applicable part of that statute reads: "It is unlawful for any person to manufacture, *possess*, have under his control, sell, prescribe, administer, dispense, distribute, or compound any controlled or counterfeit substance except as authorized in sections 195.010 to 195.320." § 195.020(1) (emphasis added). Demerol is one of the substances proscribed under that section. Wright does not contend that any of the exceptions found in § 195.020 apply.

To sustain a conviction for possession of a controlled substance under § 195.020, the state must prove that the defendant knowingly and intentionally possessed the proscribed substance. To meet this burden, conscious, intentional possession, either actual or constructive, must be established. *State v. Barber*, 635 S.W.2d 342 (Mo.1982). ■ From a reading of the applicable statutes it shows Wright did commit two separate crimes. A conviction under § 195.020 cannot be sustained unless an individual knowingly possesses a pro-

scribed substance under that section. A conviction under § 570.030 requires an appropriation of a property or service—not necessarily a proscribed substance under § 195.030. The mere fact that the demerol stolen, which led to a § 570.030 conviction, was the same "property" which led to the § 195.030 conviction does not bring into play double jeopardy concerns. The fact that there is some overlapping evidence does not violate the prohibition against double jeopardy.

In *State v. Pollock*, 738 S.W.2d 531, 532–33 (Mo.App.1987), the defendants convictions for unlawful use of a weapon and unlawful possession of a concealable firearm were upheld after application of the tests under *Blockburger v. U.S.*, and *Brown v. Ohio, supra*. The *Pollock* opinion stated both crimes required proof of distinct elements, and although, "the evidence used to support the convictions overlaps, conviction of both on the same set of facts does not violate the prohibition against double jeopardy ..." *Id*. at 533.

In *State v. Brown*, 750 S.W.2d 139, 142 (Mo.App.1988), the court upheld convictions for manufacturing and possessing marijuana. Relying on *Lulkowski, supra*, the court held each offense there charged required proof of a fact not contained in the other.

In *Turner v. State*, 755 S.W.2d 409 (Mo. App.1988), Turner filed a 27.26 motion claiming, among other things, that his plea of guilty to stealing over $150.00, § 570.030 RSMo 1986 and his *Alford* plea to two counts of illegal sale of a proscribed substance under § 195.020, RSMo 1986 implicated double jeopardy concerns, because the property stolen was the same property held in violation of § 195.020. That claim was rejected.

■ To establish an ineffective assistance of counsel claim a defendant must establish that counsel's performance was deficient and that the deficient performance prejudiced the defense, *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); likewise the second prong of *Hill v. Lockhart, su-*

*pra,* cannot be met. It would have done no good for counsel to have contested the possession charge on double jeopardy grounds, so counsel actions will not now be held to have been deficient. *State v. Settle,* 670 S.W.2d 7, 13 (Mo.App.1984).

The judgment is affirmed.