Charles GOODSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 55877.

Missouri Court of Appeals,
Eastern District,
Division One.

June 13, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 1, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant pled guilty to promoting prostitution in the first and second degrees and willful failure to appear. He was sentenced pursuant to a plea agreement to concurrent ten-year sentences on the prostitution charges and a consecutive two-year term for failure to appear. The court later entered a nunc pro tunc order reducing movant's sentence for promoting prostitution in the second degree to seven years.

Movant now seeks to vacate his conviction of promoting prostitution in the first degree or to compel the State to elect between the two charges of promoting prostitution in the first and second degrees on the ground of double jeopardy. Movant contends his conviction on both these charges subjected him to multiple punishments for the same offense.

The State contends movant waived his double jeopardy claim by pleading guilty. We disagree. A plea of guilty in and of itself does not waive a claim of double jeopardy. *Menna v. New York*, 423 U.S. 61, 63, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975); *White v. State*, 694 S.W.2d 825, 827[4] (Mo.App.1985). Thus the question before us is whether movant's convictions for the two charges resulted in double jeopardy.

In deciding whether movant's rights to be free of double jeopardy have been violated, we must determine whether movant "in law and in fact committed separate crimes." *State v. Lulkowski*, 721 S.W.2d 35, 37[2] (Mo.App.1986). "The applicable test, to determine whether several charges

are identical, is 'whether each offense necessitates proof of a fact which the other does not.'" *Id.* [3] (quoting *State v. Charles,* 612 S.W.2d 778, 781 (Mo. banc 1981), *cert. denied,* 454 U.S. 972, 102 S.Ct. 522, 70 L.Ed.2d 392 (1981)).

■ Movant was charged with promoting prostitution in the first degree pursuant to § 567.050 and promoting prostitution in the second degree pursuant to § 567.060.

Section 567.050 provides:

1. A person commits the crime of promoting prostitution in the first degree if he knowingly

(1) Promotes prostitution by compelling a person to enter into, engage in, or remain in prostitution; or

(2) Promotes prostitution of a person less than sixteen years old.

2. The term *"compelling"* includes

(1) The use of forcible compulsion;

(2) The use of a drug or intoxicating substance to render a person incapable of controlling his conduct or appreciating its nature;

(3) Withholding or threatening to withhold dangerous drugs or a narcotic from a drug dependent person.
§ 567.050, RSMo 1986.

Section 567.060 provides:

1. A person commits the crime of promoting prostitution in the second degree if he knowingly promotes prostitution by managing, supervising, controlling or owning, either alone or in association with others, a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more prostitutes.
§ 567.060, RSMo 1986.

Applying the abovementioned tests to the statutes movant was charged under, we find no double jeopardy occurred. To convict an individual of prostitution in the first degree, the State must prove he either *compelled* a person to engage in prostitution or promoted the prostitution of a person under sixteen years old. There is no requirement of compulsion in § 567.060. To convict an individual of prostitution in the second degree, the State must prove he managed, supervised, controlled or owned a prostitution business or enterprise involving prostitution activity by two or more prostitutes. This is not an element of § 567.050.

In his guilty plea for promoting prostitution in the first degree, movant admitted abducting D.M. and forcing her by the use of threats to engage in prostitution activities. In his guilty plea for promoting prostitution in the second degree, movant admitted managing a prostitution enterprise involving two or more prostitutes, one of whom was D.M.

Although some overlapping evidence supported both convictions, there was no double jeopardy violation because separate and distinct facts were necessary to support each of the charges. *Lulkowski,* 721 S.W.2d at 37[4].

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.