**Jeffrey BLANEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 60062.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 19, 1991.

Kathleen G. Green, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

ORDER

On Court's own motion the Opinion issued on the 22nd day of October, 1991, is hereby withdrawn. New Opinion issued this date.

SO ORDERED.

KAROHL, Judge.

Movant appeals from the denial of his Rule 24.035 motion for post conviction relief without an evidentiary hearing. On appeal movant alleges: (1) the [plea] court lacked jurisdiction to accept the guilty plea; and (2) the plea was not knowing and voluntary because defense counsel failed to move for a dismissal of the indictment on the ground of prosecutorial vindictiveness. We affirm.

On June 1, 1987, a thief stole a diamond wedding set from the Jungbluth family residence. The next day movant sold the rings to South County Jewelers for $200. The state originally charged movant with first degree attempted burglary, second degree burglary and stealing over $150. Both the owner of the rings and the store owner testified for the state at a trial on these charges. The court declared a mistrial on the first degree attempted burglary charge. The jury acquitted movant of second degree burglary and stealing over $150. Thereafter, the state charged movant with receiving stolen property in violation of § 570.080 RSMo 1986. The state endorsed the same witnesses to prove the receiving charge as the burglaries.

On December 13, 1988, the state re-tried movant for first degree attempted burglary. The jury found movant guilty of second degree attempted burglary. The court sentenced him to a term of ten years. There is no issue on this conviction.

On June 18, 1990, pursuant to a plea agreement, movant entered a plea of guilty to the charge of receiving stolen property. The court accepted the negotiated plea and sentenced movant to seven years imprisonment to be served concurrently with the ten year sentence resulting from the second degree attempted burglary conviction.

In his first point, movant alleges:

THE MOTION [sic] COURT CLEARLY ERRED IN ACCEPTING [MOVANT'S] GUILTY PLEA BECAUSE THE COURT LACKED JURISDICTION IN THAT THE PROSECUTION FOR RECEIVING STOLEN PROPERTY WAS BARRED BY THE DOUBLE JEOPARDY CLAUSE ... BECAUSE [MOVANT] HAD PREVIOUSLY BEEN TRIED FOR BURGLARY AND STEALING BASED ON THE IDENTICAL CONDUCT FOR WHICH THE SUBSEQUENT CHARGE OF RECEIVING STOLEN PROPERTY WAS BROUGHT.

This claim of error fails for several reasons. First, this issue is raised for the

first time on appeal. In his amended motion movant alleged his trial counsel was ineffective for failure "to move to quash the indictment on the ground of double jeopardy." The issue on appeal claims [plea] court error, not a failure of defense counsel to perform as required. The motion court did not have the opportunity to consider this issue and movant cannot now raise it on appeal. *Grubbs v. State,* 760 S.W.2d 115, 120 (Mo. banc 1988), *cert. denied,* 490 U.S. 1085, 109 S.Ct. 2111, 104 L.Ed.2d 672 (1989). The motion court issued findings of fact on movant's pleaded claim as required by Rule 24.035(i).

■ Moreover, even if this point had been before the motion court, it has no legal substance. A jury found defendant not guilty of second degree burglary and stealing over $150. Later, defendant entered a plea of guilty to the charge of receiving stolen property. Whether defendant broke into or stole property from the Jungbluth residence is irrelevant to whether he knowingly was in possession of stolen property. Although we do not have a record on appeal of the first trial where the jury acquitted defendant on two charges, we know the elements of the crimes charged on the two occasions are different. The state does not need to prove defendant broke in or stole in order to prove him guilty of receiving stolen property. Therefore, defense counsel was not ineffective for failing to move to quash the indictment for receiving stolen property on the ground of double jeopardy when a claim of double jeopardy did not in fact exist.

■ In his second point, movant alleges the motion court erred in finding his plea was knowingly and voluntarily made because trial counsel failed to move for a dismissal of the indictment on the ground of prosecutorial vindictiveness.

This point contains two false assumptions. First, it assumes if a motion had been filed on the instant facts it would have been successful. Second, it assumes counsel's failure made movant's pleas unknowing or involuntary without alleging a factual nexus which would negate the voluntariness or knowledge underlying the plea. Movant has not alleged but for counsel's failure to file a motion or but for counsel's misrepresentations he would not have tendered a plea of guilty. *See Wright v. State,* 764 S.W.2d 96 (Mo.App.1988). Moreover, movant's claim that his plea was not voluntary or knowing is refuted by the record. Accordingly, the court's findings and conclusions on this issue are supported by the evidence and not clearly erroneous. Rule 24.035(j).

We affirm.

SMITH, P.J., and AHRENS, J., concur.